UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAKESHA HUDSPETH, ET AL. | CIVIL ACTION NO. 04-0587 |
| versus | JUDGE HICKS |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is Defendants' Motion to Strike Testimony of Dr. McFarland or, in the Alternative, Extension of Time for Defendants to Obtain Expert (**Doc. 38**). Defendants argue that the current Scheduling Order (Doc. 33) required Plaintiffs to tender expert reports by May 31, 2006; that Plaintiffs did not tender an expert report from Dr. McFarland; and that Plaintiffs should not be allowed to obtain expert testimony from Dr. McFarland at trial.

Plaintiffs' Complaint alleges that Marquise Hudspeth died on March 15, 2003. Doc. 1, ¶ 4. Apparently, Dr. George McCormick performed the autopsy of Mr. Hudspeth. Dr. McCormick later died, and Dr. McFarland was appointed as Caddo Parish Coroner in October 2005.

Plaintiffs deposed Dr. McFarland on July 25, 2006, just a few days prior to the July 31, 2006 discovery deadline. According to Defendants' motion, Plaintiffs questioned Dr. McFarland in his deposition regarding his interpretation of Dr. McCormick's autopsy report. However, Defendants argue that Plaintiffs did not provide an expert report from Dr. McFarland prior to the expert report deadline. Defendants argue it is inappropriate for

Plaintiffs to use Dr. McFarland to testify as an expert without having provided a timely expert report, and they seek an order striking Dr. McFarland's testimony regarding his interpretation of the autopsy. Alternatively, if the court allows Plaintiffs to call Dr. McFarland as an expert witness, Defendants seek an extension of time to obtain a rebuttal expert report.

Plaintiffs' opposition (Doc. 45) to the motion argues that Dr. McCormick's autopsy report and investigative report are business and public records as contemplated by Federal Rules of Evidence 803(6) and (8). Plaintiffs deny that they intend to use Dr. McFarland as an expert at trial. They argue that Dr. McFarland was not deposed as an expert, and the only "opinions" he expressed were those listed by Dr. McCormick. Plaintiffs contend that Dr. McFarland expressed "in laymen's terms" the contents of the autopsy, and that he is competent to do so as coroner.

After considering all of the arguments of the parties, Defendants' **Motion to Strike (Doc. 38)** is **granted**. It is undisputed that Plaintiffs did not tender an expert report from Dr. McFarland. Defendants would be unfairly prejudiced by allowing Plaintiffs to present expert testimony at trial without complying with the scheduling order requirements for tendering expert reports. Furthermore, Plaintiffs had sufficient time to obtain an expert report from Dr. McFarland following his appointment as coroner, but they did not do so, and they offer no explanation for their failure to do so. Therefore, Dr. McFarland will not be allowed to testify as an expert witness (or offer expert opinions) at trial. <u>Beasley v. U.S. Welding Service</u>, 129

Fed. Appx. 901 (5th Cir. 2005); Barrett v. Atlantic Richfield, 95 F.3d 375 (5th Cir. 1996)(four factors in determining whether district court's exclusion of expert testimony was an abuse of discretion).

Asking Dr. McFarland to interpret (or express in layman's terms) the contents of Dr. McCormick's autopsy report requires Dr. McFarland to provide expert testimony. Such testimony is squarely based on scientific, technical or other specialized knowledge. Fed. R. Evid. 702. Therefore, that testimony may not be offered under the guise of lay opinion testimony as a means of evading the discovery and scheduling order requirements associated with expert testimony. See Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments.

In light of this conclusion, Defendants' alternative request for leave to obtain a rebuttal expert is denied as moot.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of September, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE