UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAKESHA HUDSPETH, ET AL. | CIVIL ACTION NO. 04-0587 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 74) filed by Plaintiffs. Plaintiffs ask the Court to reconsider its December 18, 2006 Memorandum Ruling and Judgment that dismissed their claims. See id. Defendants oppose the Motion for Reconsideration. See Record Document 76. For the reasons which follow, the Motion for Reconsideration is **DENIED**.

In the Motion for Reconsideration, Plaintiffs make three arguments: (1) it was inappropriate for this Court to consider the actions of Mr. Hudspeth prior to the exact instant that lethal force was used; (2) the officers' testimony cannot be considered; and (3) there are genuine issues of material fact relating to whether Office Hathorn and Office Ramsey believed Mr. Hudspeth was armed. Plaintiffs maintain that this Court's ruling of December 18, 2006 violated the objective reasonableness standard and conflicts with Bazan v. Hildago County, 246 F.3d 481 (5th Cir. 2001). See Record Document 74 at 3-4, 4-5. Specifically, Plaintiffs contend that the Court failed to focus on the actions of Mr. Hudspeth at the moment deadly force was used and failed to treat as a material dispute whether the officers actually believed that Mr. Hudspeth was armed with a gun. See id. at 2. As to the latter argument, Plaintiffs rely heavily upon the fact that none of the officers yelled "gun" and argue that the existence of the videotape does not establish that the

officers believed that the cell phone was a gun. See id. at 2 & 5. Finally, Plaintiffs maintain that this Court improperly accepted the officers' testimony regarding the reasoning behind the "ducking" seen on the videotapes. See id. at 3.

This Court has reviewed both Bazan and Fraire v. City of Arlington, 957 F.2d 1268 (5th Cir. 1992) and finds that neither case stands for the principle that this Court may consider only Mr. Hudspeth's actions at the instant lethal force was used. Further, Plaintiffs' contention that consideration of the officers' testimony and/or granting summary judgment in a lethal force case is never appropriate is misplaced. Here, the video evidence provides an objective perspective of the events at issue. While the officers admit that no one yelled gun, this Court watched the video evidence and observed the officers ducking and/or crouching at the exact moments Mr. Hudspeth pointed a small silver object, which he was holding in a shooting stance, at them.

Plaintiffs are essentially attempting to reargue Defendants' Motion for Summary Judgment. Yet, Plaintiffs have come forward with no evidence of substantial error or unusual circumstances to warrant the granting of the Motion for Reconsideration. Further, Defendants have successfully rebutted each and every argument presented by Plaintiffs in the Motion for Reconsideration. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 74) filed by Plaintiffs be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13th day of February, 2007.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE